IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| CHARLES WHISENHUNT, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | Civil Action No. 9:05-CV-58 |
| v. | § | |
| | § | |
| TRINITY COUNTY TEXAS, BRENT | § | JUDGE RON CLARK |
| PHILLIPS, Trinity County Sheriff, and | § | |
| LIMESTONE COUNTY, TEXAS, DENNIS | § | |
| WILSON, Limestone County Sheriff. | § | |
| | § | |
| *Defendants*. | § | |

## **ORDER DENYING DEFENDANTS' MOTION TO TRANSFER VENUE**

Before the court is Defendants' Motion to Transfer Venue [Doc. #2]. Defendants ask the court to consider a mandatory transfer, or in the alternative a discretionary transfer of venue for the convenience of the parties and witnesses to the United States District Court for the Western District of Texas, Waco Division, pursuant to 28 U.S.C. § 1404(a), §1406. The court finds the Defendants have not met their burden, so the motion is DENIED. Defendants allude to a possible severance, if the transfer is denied. The court finds that severance is not appropriate and denies Defendants' request.

### **II. BACKGROUND**

Plaintiff Charles Whisenhunt ("Whisenhunt") filed a petition March 9, 2005 in the Eastern District of Texas, Lufkin Division. Defendants Limestone County and Dennis Wilson, Sheriff of Limestone County (collectively "Limestone Defendants") filed a Motion to Transfer Venue. Whisenhunt and Defendants Trinity County and Brent Wilson, former Trinity County Sheriff (collectively "Trinity Defendants") have replied. The Limestone Defendants seek to have the case transferred to the Western District of Texas, Waco Division.

## III. STANDARD OF REVIEW

### A. §1406

The statute provides for a District Court to dismiss or transfer a case to another division or district in which it could have been brought, if the case was improperly filed in the district. 28 U.S.C. § 1406(a). Limestone Defendants simply mention §1406, but do not allege facts which would support the notion that Whisenhunt could not have brought the case in the Eastern District of Texas, Lufkin Division. Accordingly, the Limestone Defendants' §1406 argument fails.

### B. §1404(a)

The statute provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." § 1404(a). The goal of § 1404(a) "is to prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S. Ct. 805 (1964). "A defendant who desires a transfer of venue carries the burden to convince a transferor court that a transfer would be more convenient." *TV-3, Inc. v. Royal Ins. Co. of America*, 28 F. Supp. 2d 407, 411 (E.D. Tex. 1998). The quantum of proof necessary has sometimes been described to be as stringent as "clear and convincing evidence." *TV-3*, 28 F. Supp. 2d at 411. Consequently Defendants carry a heavy burden to prove that these factors clearly favor such a change.

## IV. DISCUSSION OF TRANSFER FACTORS

"The first issue that a district court must address in ruling on a motion to transfer under § 1404(a) is the question of whether the judicial district to which transfer is sought qualifies under the applicable venue statutes as a judicial district where the civil action 'might have been brought.'" *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003). This court finds a basis to establish that the case may have initially been brought in the Western District of Texas, Waco Division pursuant to 28 U.S.C. § 1391(c). With this threshold issue resolved, the court's analysis turns to the ten factors governing this Circuit's § 1404(a) analysis.

"In determining whether an action should be transferred under § 1404(a) the court examines factors which fall into two groups: (1) those relating to the convenience of the litigants,[1] and (2) those relating to the public interest in the fair and efficient administration of justice." *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 771 (E.D. Tex. 2000) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S. Ct. 839 (1947)). The convenience factors include: (1) plaintiff's choice of forum; (2) the convenience of parties and witnesses; (3) the place of the alleged wrong; (4) the cost of obtaining the attendance of witnesses and availability of compulsory process; (5) the accessibility and location of sources of proof; and (6) the possibility of delay and prejudice if transfer is granted. *See* 17 James Wm. Moore et al., Moore's Federal Practice §§ 111.13, et seq. (3d ed. 1997); *Robertson v. Kiamichi R.R. Co.*, 42 F. Supp. 2d 651, 655 (E.D. Tex. 1999). The public interest factors consist of (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of unnecessary

---

[1] In this Circuit, "[t]he factor of 'location of counsel' is irrelevant and improper for consideration in determining the question of transfer of venue." *In re Horseshoe Entm't*, 327 F.3d at 434.

problems in conflict of laws. *See Dominguez-Cota v. Cooper Tire & Rubber Co.*, 396 F.3d 650, 653-54 (5th Cir. 2005).

*A. Convenience Factors*

1. Plaintiff's Choice of Forum

"The plaintiff's choice of forum is clearly a factor to be considered, but in and of itself it is neither conclusive nor determinative." *In re Horseshoe Entm't*, 337 F.3d at 434. The significant weight given to a plaintiff's choice of forum is diminished when the plaintiff does not reside in his chosen forum nor have any operative facts occurred within the forum. *See Robertson*, 42 F. Supp. 2d at 656.

Defendants raised the issue that Plaintiff could not have brought the case in Lufkin, but really do not contest the issue. Plaintiff is a resident of San Augustine County, Texas, which is in the Lufkin Division. Trinity County and Defendant Phillips are also in the Lufkin Division. Plaintiff has alleged that some of the operative facts of this lawsuit took place in Trinity County. Since both Plaintiff and some of the Defendants reside in the forum and because some of the operative facts occurred in the district, this factor weighs significantly in favor of keeping the case in the Lufkin Division.

2. The Convenience of the Parties and Material Witnesses

The convenience of the witnesses is arguably the most important factor in deciding whether a case should be transferred pursuant to § 1404(a). *Reed v. Fina Oil & Chemical Co.*, 995 F. Supp. 705, 714 (E.D. Tex. 1998). "Venue is considered convenient in the district or division where the majority of witnesses are located." *Mohamed,* 90 F. Supp. 2d at 775. However, evaluation of the convenience factors "should not rest on a 'battle of numbers' but

4

should be directed by the content and quality, rather than quantity of their testimony." *TV-3, Inc.*, 28 F. Supp. 2d at 411. "[T]he convenience of one key witness may outweigh the convenience of numerous less important witnesses. Moreover, it is the convenience of non-party witnesses, rather than that of party witnesses, that is the more important factor and is accorded greater weight in a transfer of venue analysis. Regardless whether transfer is sought for key party or non-party witnesses, the moving litigant **must make more than a general allegation** that the key witnesses are inconveniently located. The moving party must specifically identify key witnesses and outline the substance of their testimony." *Mohamed*, 90 F. Supp. 2d at 775 (E.D. Tex. 2000) (emphasis added).

Defendants sole argument is that the drive time between the Western District and the Eastern District is too burdensome. The court will not consider this factor in determining whether a motion to transfer is appropriate. Plaintiff has alleged numerous facts which occurred in Trinity County, so if the court were to transfer the case to the Western District, the Trinity Defendants would be equally burdened. The Limestone Defendants have failed to carry their burden of proving that the factor of convenience of the witnesses weighs in favor of transfer.

3. Place of the Alleged Wrong

Plaintiff contends the wrong occurred in Trinity County **and** Limestone County. Limestone Defendants simply ignore that the alleged wrong took place in two locations. Defendants have failed to establish the place of the alleged wrong was not in Trinity County, as such, this is not a factor weighing in favor of venue transfer.

4. The Cost of Obtaining the Attendance of Witnesses and Availability of Compulsory Process

The cost of obtaining the attendance of witnesses was alluded to by the Limestone Defendants. However the cost would be equally burdensome to the Trinity Defendants and Plaintiff. Defendants do allude to the fact that many Limestone Defendants are more than 100 miles from the Lufkin courthouse, which may cause a subpoena problem. This factor weighs slightly in favor of the Limestone Defendants, but once again the Western District would face the same problem if the case were transferred.

5. The Accessibility and Location of Sources of Proof

The accessibility and location of sources of proof weigh only slightly in this court's transfer analysis, particularly since these factors have been given decreasing emphasis due to advances in copying technology and information storage and the ease of transportation and communication. *Mohamed*, 90 F. Supp. 2d at 778. The parties have not even taken formal discovery, so managing documents has not yet been problematic. Defendants have not demonstrated by clear and convincing evidence that it is much more convenient and cost effective to transport documents to the federal courthouse in Waco rather than to Lufkin, Texas. Accordingly, this factor also does not weigh in favor of transfer to Waco.

6. The Possibility of Delay and Prejudice if Transfer is Granted

This case was filed March 9, 2005. If transfer is granted, the Trinity Defendants would surely be prejudiced for the reasons set out above, thus possibly causing further delay.

*B. Public Interest Factors*

1. Administrative Difficulties Caused by Court Congestion

It has not been shown that this matter will proceed at a significantly faster rate in the Western District of Texas, Waco Division than in Lufkin. Accordingly, this factor does not weigh in favor of transfer.

2. Local Interest in Adjudicating Local Disputes

Given that there are allegations some of the alleged wrong doing of Trinity Defendants took place in the Lufkin division, there exists a local interest in adjudicating this local dispute. Therefore, this public interest factor does not support transfer.

3. The Unfairness of Burdening Citizens in an Unrelated Forum with Jury Duty

Because the court finds that the citizens of the Eastern District of Texas have an interest in adjudicating this suit, it follows that the jury pool in this district will not be unduly burdened in deciding this matter. Consequently, this factor does not weigh in favor of transfer.

4. The Avoidance of Unnecessary Problems in Conflict of Laws

This is not a concern when the two Federal District Courts are within the same state and the governing law, federal law, is governed by the same Federal Court of Appeals. As such, this factor neither weighs in favor or against transfer.

**V. SEVERANCE**

Limestone Defendants moved in the alternative for severance under Fed. R. Civ. P. 21. They provided no argument on this issue. Fed. R. Civ. P. 20(a) provides:

> All persons ... maybe joined in one action as defendants if there is asserted against them jointly, severally or in the alternative, any right to relief in respect of or arising out of the

same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Plaintiff's claims against all Defendants arise out of a common occurrence, all the alleged violations are similar, and the same claim for relief is sought against each Defendant. *See* discussion at 7 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1659 (3rd ed. 2001).

In *Kedra v. City of Philadelphia*, 454 F.Supp. 652, 662 (E.D. Pa. 1978), the Court held that it was proper for Plaintiffs allegedly assaulted by police officers over a period of time to join several Defendants as the claims against Defendants all arose from the same series of transactions, occurrences or events. Similarly, joinder against multiple defendants was permitted in *Packers Trading v. Pederson*, 1985 WL 3491, *5 (N.D. Ill) (held that joinder of additional Defendants was proper where the claims arose out of the same series of trading practices, failure to maintain debit margin accounts, occurring over the same period of time and at the same location) and *Falk v. Sloane*, 1988 WL 135379 (E.D.N.Y.)(held that an alleged illegal wiretap and an alleged illegal detention arose out of the same series of transactions surrounding the investigation of the Plaintiff and there were common questions of fact as to whether the Defendants had violated Plaintiff's constitutional rights while he was being investigated).

In the instant case, both the Limestone Defendants and Trinity Defendants are alleged to have deprived Plaintiff of rights under the Eighth Amendment to the Constitution, all involving the same incident (i.e., the alleged spider bite). Since all Plaintiff's claims arise out of the same occurrence, severance is not appropriate. Accordingly, to the extent the Limestone Defendants made a motion to sever, it is DENIED.

## VI. CONCLUSION

The case has facts which allegedly occurred in the Eastern District of Texas. Neither the "convenience factors" nor the "public interest" factors weigh in favor of transfer. Furthermore, severance is not warranted where all Defendants are alleged to have been involved in the same occurrence.

IT IS THEREFORE ORDERED that Dennis Wilson and Limestone Countys' Motion to Transfer Venue **[Doc. # 2]** is **DENIED**.

So **ORDERED** and **SIGNED** this **13** day of **May, 2005.**

_____
Ron Clark, United States District Judge