IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| CHARLES WHISENHUNT, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | Civil Action No. 9:05-CV-58 |
| v. | § | |
| | § | |
| TRINITY COUNTY TEXAS, BRENT | § | JUDGE RON CLARK |
| PHILLIPS, Former Trinity County Sheriff, | § | |
| and LIMESTONE COUNTY, TEXAS, | § | |
| DENNIS WILSON, Limestone County Sheriff | § | |
| and CIVIGENICS-TEXAS, INC.. | § | |
| | § | |
| *Defendants*. | | |

**ORDER DENYING DEFENDANTS' JOINT MOTION FOR RECONSIDERATION**

Before the court is Defendants' Joint Motion for Reconsideration of the Court's July 1, 2005 Order [Doc. #47]. The Court, in its July 1, 2005 Order, permitted Plaintiff to depose the two Sheriffs before responding to the qualified immunity portion of the Defendants' summary judgment motions. Furthermore, the Court permitted Plaintiff to complete his remaining discovery in regards to County liability and respond to that portion of the summary judgment motion. Defendants chose to file motions for both the individuals and the counties and can not be heard to complain that there will be a delay in ruling on the Counties' motions while the qualified immunity issues are disposed of.

Defendants claim the Order granted Plaintiff an indefinite extension of time to respond to the Counties' motions. Defendants seem to think the Court is going to rule on the County summary judgment motions without allowing Plaintiff to conduct any discovery. This notion is nonsense. The protections offered by qualified immunity do not extend to a County. Plaintiff is not foreclosed from seeking discovery as to his claims against a County.

The court recognizes the importance of advocacy. However, the time and expense of trying

1

to stop Plaintiff from taking any depositions borders on the frivolous. This is not a case where immunity arises because there is no claim of personal involvement by the Sheriffs. To quote Dr. Suess, "The time has come, the time is now. Just go." Take the two depositions so the immunity issue can be resolved, and the case can proceed.

IT IS THEREFORE ORDERED that Defendants' Joint Motion for Reconsideration **[Doc. # 48]** is **DENIED**. Defendants are **ORDERED** to produce the two Sheriffs for deposition and further **ORDERED** to comply with the Court's July 1, 2005 Order.

So **ORDERED** and **SIGNED** this **13** day of **July, 2005.**

_____
Ron Clark, United States District Judge